JUAN HILARIO ÁLVAREZ BARBOSA ET AL., Plaintiffs and Appellants, *v.* FRANK APONTE RIVERA ET AL., Defendants and Appellees.

No. 12550.    Decided September 29, 1961.

R. *Rivera Correa* and *Benjamín Ortiz* for appellants.    *José Sabater* for appellees.

Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, and Mr. Justice Blanco Lugo and Mr. Justice Dávila.

Per curiam.

Plaintiffs are the children of José R. Álvarez, who died in Añasco some time in 1927. Upon his death he owed some $4,000 to his brother Pedro. In order to collect, Pedro brought Civil Case No. 12066 in the District Court (now Superior Court) of Mayagüez against his brother's heirs. Judgment was rendered ordering the children of José to pay to Pedro a certain amount agreed upon by stipulation. In order to execute the judgment, several pieces of real property were sold at public auction and two rural properties, among others, which were recorded in the Registry of Property, were adjudicated to Pedro. The deed whereby the marshal of the Mayagüez Court sold the said real properties to Pedro was recorded, as it appears from the registry with respect to the two properties object of this action. We copy from the ninth record:

" . . . By virtue whereof, I record in favor of Pedro María Álvarez the ownership of this property which was acquired by title at judicial sale. The aforesaid appears from the Registry and from the deed referred to, which was presented in this office at 10:30 a.m. of the 28th day of the current December, entry No. 34, volume 78 of the Journal. On September 23 of the present year there was also presented a certificate issued by Enrique San Millán and countersigned by J. Durán Cruz, Secretary and Assistant Secretary, respectively, of the District Court of Mayagüez, embodying the judgment rendered on May 13 of that year in case 12066, from which it appears that the said case is for recovery of money, brought by Pedro María Álvarez against the Heirs of José R. Álvarez, composed of his acknowledged natural children Gladia, Obdulia, and María Gloria Álvarez Robles, María and Juan Álvarez Valentín, and Juan Hilario, Juan, Sofía, Laura, and Rafael Álvarez Barbosa, and that the court approved on the said day the stipulation filed by the plaintiff, represented by his attorneys Benet and Souffront, and by defendants María Gloria and Obdulia Álvarez Robles, in their own right; Juan, Sofía, Juan Hilario, Laura, and Rafael Álvarez Barbosa, minors represented by their mother with patria potestas, Juana Barbosa; and Gladia Álvarez Robles, Ma-

ría and Juan Álvarez Valentín, minors represented by their guardian ad litem appointed by the court, attorney Rafael A. Saliva; and all the defendants represented in turn by their attorney Amador Ramírez Silva, in which stipulation they allege: That plaintiff reduces the amount of his claim by $317.55, such amount being thereby reduced to $3,247.09. He also reduces the interest on the said sum as of the filing date of the complaint. That plaintiff agrees to pay the Federal Land Bank of Baltimore the instalments due on the mortgages which encumber the properties owned by the defendant heirs amounting to $340.84; that the plaintiff will also pay the taxes amounting to $125, making a grand total of $3,712.93, which is the sum of the judgment prayed for; that such transaction is useful and beneficial to both parties because it facilitates the sale at public auction of the hereditary property, or a minimum offer for the just value of said properties, thereby saving to the defendant heirs $317.55 which are deducted from the claim object of this action, the costs which may be taxed to the heirs, and the interest referred to above; and in view of the evidence heard, the conformity of the State, and the law applicable to the case, the court renders judgment for the plaintiff and against defendants for the sum agreed upon of $3,712.93, without special award of costs. The personal particulars of defendants, which were omitted in the corresponding place, are: Gladia, Obdulia, and María Gloria Alvarez Robles, 12, 17, and 21 years, single and married, a student and unemployed, the latter two being residents of Cataño and the former of Añasco; María and Juan Alvarez Valentín, 11 and 8 years, students and residents of Añasco; and Juan Hilario, Juan, Sofía, Laura, and Rafael Alvarez Barbosa, 7, 5, 2, 9, and 4 years, respectively all of whom are residents of Añasco, as it appears from the preceding eighth inscription. The foregoing being in conformity with the registry and documents referred to, I issue these presents at Mayagüez, on December 28, 1927.—Fees: $8, Arts. 5 and 7 of the Schedule, corresponding to the two properties adjudicated, and two $5, two $1, and one 50-cent stamps, corresponding to the abstract deed, are cancelled.—(s) Pedro Gómez Lasserre." (Tr. Ev. 113, 116.)

Several years (eighteen) after acquiring the said real properties in the manner aforesaid, Pedro sold to the two defendants the two rural properties object of this action,

which they recorded in their name. Plaintiffs directed the present action against these vendees. The complaint was filed five years after Pedro's death and his heirs were not joined as defendants party. Plaintiffs urge a ruling declaring null and void the sale carried out in execution of the judgment rendered in the above-entitled case. They maintain that the sale in the action referred to above is void because "in that case (civil No. 12066), and despite the fact that the plaintiff was aware of the identity and the whereabouts of each and all of the heirs, no summons was issued nor were the corresponding steps taken to locate them for the purpose of summoning them, nor was any of the said defendants, nine of whom were minors, ever summoned; and that the plaintiff contrived and convinced the mother of the five minor heirs, another heir of full age, the guardian ad litem of three other minors, and another heir 17 years of age, who was emancipated by marriage but without any assistance, to sign a stipulation which he submitted to the court for approval, praying for the adjudication to the plaintiff, for the sum of some $8,000, of four properties owned by the predecessor of the defendants, among which are the two properties described herein, in satisfaction of the judgment prayed for, the plaintiff being bound to pay off a mortgage which encumbered the property in favor of The Federal Land Bank of Baltimore, the balance to be apportioned by the court among the heirs at the rate of $12 to each heir." (Judgment Roll 14–15.)

The trial court dismissed the complaint on the ground that the defendants were third parties. It alleged that they were such third persons because the evidence did not show that they had knowledge either from the Registry or personally of the irregularities which the defendants allege were committed in the suit in which the properties object of this action were adjudicated to the predecessor in title of the defendants herein. In this connection, the court stated as follows: "At the time of this judicial action, that is, some

time in 1927, the defendant Frank Aponte, who was a nephew by marriage to Pedro María Álvarez, was about 12 years of age, and the plaintiffs failed to establish that he had knowledge of all the details of this action for recovery of money prosecuted by his uncle Pedro María Álvarez against the plaintiffs. It appears from the certificate of the Registry of Property of Mayagüez that as soon as these properties were adjudicated to him in December 1927, Pedro María Álvarez recorded them in his name and made numerous mortgage loans with the Federal Bank in the course of the following years." Further on, the court says "the plaintiffs have not proved that at the time of acquiring these properties defendant Frank Aponte had any knowledge of the irregularities allegedly committed in the proceeding for execution of the judgment whereby his uncle by marriage Pedro María Álvarez had acquired the title to these properties. The alleged grounds of nullity do not appear from the registry, nor has it been established that the defendant had knowledge of who were the persons who composed the Heirs of José R. Alvarez..." (Tr. Ev. 58, 59.) Since the trial court found that it had not been established that the defendants had personal knowledge of the alleged irregularities, and the same do not appear from the registry, it concluded that the action interposed did not lie.

Plaintiffs appealed to this Court. They urge reversal of the judgment. They maintain that the defendants are not third parties, since Frank Aponte, one of the defendants in this action, was a nephew of Pedro's wife and, therefore, must have had knowledge of all steps taken in case 12066. They further contend that the nullity of the judgment rendered appears from the ninth inscription of the registry above transcribed, since although codefendant Obdulia, notwithstanding she was married, was only 17 years old she appeared in her own right, and § 239 of the Civil Code (31 L.P.R.A. § 931) requires that in order to alienate or mort-

gage it is necessary that the minors appear, even those emancipated by marriage, assisted by their parents or a tutor.

They also allege that, despite the fact that the judge in rendering judgment in case 12066 stated that plaintiff was bound to pay $8,000 for the real properties belonging to the defendant heirs, at the sale he offered $4,412.93 only.

■ The evidence offered in the trial court does not establish that defendants had personal knowledge of the vices which the plaintiffs allege render void the sale made in favor of their predecessor in interest by the marshal of the District Court of Mayagüez in case No. 12066. The evidence established that the defendant was about 12 years of age when the properties acquired 18 years later were adjudicated to his uncle by marriage. The fact that defendant was a nephew of Pedro's wife does not establish any presumption that he had knowledge of the transactions carried out by his uncle by marriage. Regarding the averment that plaintiff Obdulia Álvarez, who appeared personally in case No. 12066, was only 17 years old, it appears from the registry that she was married, and § 240 of the Civil Code (31 L.P.R.A. § 932) provides that "a minor emancipated by reason of marriage may appear before the Superior Court to represent his interests in the cases prescribed by law." See, also, *Heirs of de Jesús* v. *Heirs of Castro*, 62 P.R.R. 556 (1943).

■ Regarding the question that according to the judgment rendered in case No. 12066 the plaintiff bound himself to pay $8,000 for the properties to be sold at public auction in satisfaction for the judgment rendered in his favor, even assuming that it were sufficient to render the auction void if it had been challenged directly, the truth is that that fact does not appear from the registry and can not therefore prejudice the defendants.

The errors assigned by plaintiffs were not committed, wherefore the judgment appealed from will be affirmed.